UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALIAINY CARTAYA-LOZANO, *et al.*,**

**Plaintiffs,**

**Lead Case No. 8:25-cv-2843-WFJ-GDP**

**SECRETARY MARKWAYNE MULLIN, *et al.*,**

**Defendants.**

---

**ANAHIS DIAZ-NUNEZ, *et al.*,**

**Plaintiffs,**

**v.**

**Member Case No.: 8:26-cv-1319-WFJ-GDP**

**SECRETARY MARKWAYNE MULLIN, *et al.*,**

**Defendants.**

_______________________________________/

**CASE MANAGEMENT AND SCHEDULING ORDER**

This cause seeks review of an administrative record. The Court has considered the positions of the parties as set forth in their Joint Proposed Scheduling Plans, and hereby enters the following scheduling and case management requirements whose provisions are very precise and shall be strictly adhered to. Accordingly, it is **ORDERED**:

1. Parties are directed to meet the deadlines below:

| | |
|---|---|
| **Third Party Joinder/Amend Pleading** | **November 30, 2026** |
| **Deadline for Defendants to file answer or respond (26cv1319 only)** | **December 14, 2026** |
| **Class Certification motion deadline** | **January 15, 2027** |
| **Filing of Certified Administrative Record by Defendants** | **March 5, 2027** |
| **Plaintiff's deadline to file motions concerning record and any discovery-related motions** | **April 2, 2027** |

| | |
|---|---|
| **Defendants' response to record or discovery-based motions** | **April 16, 2027** |
| **Dispositive Motion filing** | **July 1, 2027** |
| **Responses due** | **July 22, 2027** |
| **Replies due** | **August 2, 2027** |
| **Pretrial Statement due** | **November 4, 2027** |

2. A Final ***Pretrial Conference*** will be held before the undersigned **in Courtroom 15B, 801 North Florida Avenue, Tampa, Florida**, on **November 10, 2027, 9:30 AM**. Parties are directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. The parties shall file a JOINT Pretrial Statement on the date listed in paragraph 1. Failure to do so may result in the imposition of sanctions. The **Pretrial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial.

3. This case is set for Bench Trial during the term commencing **December 6, 2027,** before the undersigned. This December trial term shall include the entire month. Estimated length of trial: **1 days**.

4. **SUMMARY JUDGMENT PROCEDURES**: The following procedures shall be followed by the parties:

   (a) A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and incorporated memorandum of law which, absent prior permission of the Court, shall not exceed twenty-five (25) pages total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice. Any record citations should be to page and line of the filed materials. Please file these materials first so they have a docket entry designation and also cite to that docket entry and page when referencing those materials in your pleadings.

   (b) Prior to filing a motion for summary judgment, the moving party shall confer in good faith with the party or parties against who summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party by separate pleading filed contemporaneously with the motion for summary judgment and incorporated memorandum of law shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. Unless the parties are in full agreement as to the undisputed facts, the movant shall file a separate "Statement of Undisputed Facts"(not exceeding 20 pages in length), with citations to the record,

which shall accompany the motion for summary judgment.

(c) Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(b). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, a separate "Statement of Disputed Facts"(not exceeding 20 pages in length), with citations to the record, shall accompany the memorandum in opposition. All material facts set forth by the moving party shall be deemed admitted unless controverted by a separate Statement of Disputed Facts.

(d) Pursuant to Rule 56(c), Fed.R.Civ.P., as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day of filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.

(e) Motions to extend time or to alter any requirements set forth in this order or the other rules governing summary judgment motions, including the page limit for memoranda of law pursuant to the Local Rules, are disfavored.

(f) Oral argument or hearings will generally not be held on the motion.

(g) A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

10. After the conclusion of a bench trial, the Court will direct counsel for each party to file proposed findings of fact and conclusions of law (usually 30 days after the trial). The proposed findings of fact and conclusions of law must be emailed to the chambers inbox in Microsoft Word (.doc or .docx).

**DONE AND ORDERED** in Tampa, Florida, on October 16, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE